## 21003.  HICKS v. HICKS.

CANDLER, Justice.  The plaintiff instituted this litigation in the Superior Court of Douglas County against his wife, for divorce, alleging wilful and continuous desertion for a period of more than 12 months immediately prior to the filing of his suit as his ground therefor. He also prayed that permanent custody and control of their two minor children be awarded to the defendant, with reasonable visitation privileges to himself, and that the court fix the amount which he should pay to the defendant for the support and maintenance of such children and the length of time it should be paid. The defendant made no response to the petition, either by appearance or pleading. On January 5, 1960, the court, without the intervention of a jury, rendered a judgment granting the divorce, relieved the defendant of her disabilities, gave the plaintiff permanent custody and control of the children with reasonable visitation privileges to the defendant, and required the defendant (wife) to pay the plaintiff (husband) $15 per week for the support of their children until each became 18 years of age or self-supporting. Subsequently, on April 28, 1960, the defendant filed a written motion to vacate and set aside the judgment of January 5, 1960, on the ground that it was void and therefore a nullity, since no valid process issued and there was no waiver thereof by her. Her motion was sustained on May 3, 1960, by an order vacating and setting aside the judgment of January 5, 1960, and such order or judgment has not been excepted to and consequently stands unreversed. The plaintiff subsequently offered an amendment to his petition,

and it was allowed subject to objections, on May 10, 1960; and on the following day the defendant, through her counsel, acknowledged service of the amended petition and waived process, copy thereof and service. She later answered the amended petition, filed a cross-action, and demanded a jury trial of the issues involved. Her answer denied all of the substantial allegations of the amended petition. By her cross-action she prayed for a divorce, for alimony, and support for herself and children, and for permanent custody of the children, basing her claim therefor on the ground of cruel treatment. She also prayed for equitable relief respecting certain described realty which her husband had purchased in the name of his mother, Mrs. Willie Hicks, but which he had paid for, except a balance of about $400; and she prayed for a rule nisi requiring her (Mrs. Willie Hicks) to show cause why she should not be made a party defendant to the cross-action and why the relief sought against her should not be granted. The judge awarded temporary custody of the children to the mother with reasonable visitation rights to the father, and restrained him from interfering with her custody and control. He also issued a rule requiring Mrs. Willie Hicks to show cause before him on June 21, 1960, at a specified place why she should not be made a party defendant to the defendant's cross-action. On application therefor, the trial judge also required the plaintiff to show cause before him on June 21, 1960, why he should not be adjudged in contempt of court for violating the restraining order which prohibited him from interfering with the defendant's custody and control of the children. On June 21, 1960, the judge granted an order, the material portion of which reads: "It is ordered and adjudged and decreed that said final judgment [of January 5, 1960] be revised as follows: The court awards custody of the children of the parties as follows: To defendant with reasonable visitation privileges to defendant [plaintiff?]. The court fixes alimony and support for the wife and children as follows: $15.00 per week for each child until they become 18 years of age or self-supporting, payable to defendant on each Saturday of each week. Defendant's prayers for additional and further relief are hereby denied." The defendant excepted to this judgment and sued out a writ of error to this court, which assigns error only on the judgment of June 21, 1960. *Held:*

In this litigation the court, without the intervention of a jury, entered a final judgment on January 5, 1960, granting the plaintiff a divorce and also other relief. Subsequently, the defendant, as the record shows, filed a motion to vacate and set aside such final judgment, alleging in her motion for such relief that she had not been served in the proceeding with legal process nor had she waived such service, and that she had neither appeared nor filed defensive pleadings in the cause. By consent of the parties her motion was granted on May 3, 1960, by an order which completely vacated and set aside the judgment of January 5, 1960. This order or judgment has not been excepted to and therefore remains unchanged in any respect, and consequently of force and effect. This being true, it is binding on the parties as the law of this case. *Miller v. Coleman*, 213 Ga. 460 (99 S. E. 2d 905), and the cases there cited. On June 21, 1960, the judge granted another order revising in certain particulars the judgment he had previously vacated and set aside; and since it is elementary that the order purporting to revise such prior but vacated judgment is itself a nullity, it necessarily follows that the judgment excepted to is, as here contended, contrary to law.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1960—DECIDED OCTOBER 6, 1960.

*Otis L. Davis*, for plaintiff in error.
*Eugene B. Brown*, contra.